IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HINSDALE BANK & TRUST COMPANY; LIBERTYVILLE BANK & TRUST COMPANY; LAKE FOREST BANK & TRUST COMPANY; AND NORTHBROOK BANK & TRUST COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>NADINE MIHALJEVIC AND ADVENTURES WITH NADINE, INC.,<br><br>Defendants. | No. |

**<u>COMPLAINT</u>**

Plaintiffs Hinsdale Bank & Trust Company, Libertyville Bank & Trust Company, Lake Forest Bank & Trust Company, and Northbrook Bank & Trust Company, through their undersigned attorneys, for their Complaint against Defendants Nadine Mihaljevic and Adventures With Nadine, Inc., state as follows:

**NATURE OF THE ACTION**

1. This an action for trademark infringement, false designation of origin, and unfair competition in violation of the Lanham Act, trademark infringement in violation of Illinois law, deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, unfair competition under the Illinois Uniform Deceptive Trade Practices Act, misappropriation of trade secrets under the Illinois Trade Secrets Act, and tortious interference with prospective economic advantage.

## THE PARTIES

2. Hinsdale Bank & Trust Company ("Hinsdale") is an Illinois State Bank with its principal place of business in Hinsdale, Illinois.

3. Libertyville Bank & Trust Company ("Libertyville") is an Illinois State Bank with its principal place of business in Libertyville, Illinois.

4. Lake Forest Bank & Trust Company ("Lake Forest") is an Illinois State Bank with its principal place of business in Lake Forest, Illinois.

5. Northbrook Bank & Trust Company ("Northbrook") is an Illinois State Bank with its principal place of business in Northbrook, Illinois. (Hinsdale, Libertyville, Lake Forest, and Northbrook are referred to herein collectively as "Plaintiffs.")

6. Defendant Nadine Mihaljevic ("Defendant Mihaljevic") is a resident of Mundelein, Illinois, and Defendant Adventures With Nadine, Inc. ("Defendant Adventures with Nadine") is an Illinois corporation with a registered agent in Northbrook, Illinois (Defendant Mihaljevic and Defendant Adventures with Nadine are referred to herein collectively as "Defendants").

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims have occurred and are occurring in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Plaintiffs are banking subsidiaries of Wintrust Financial Corporation ("Wintrust").

10. Wintrust provides community-oriented personal and commercial banking services to customers located in the greater Chicago, Illinois, southern Wisconsin, and northwest Indiana metropolitan areas through its 15 wholly owned banking subsidiaries.

11. The Wintrust Community Banks offer the Platinum Adventures® Club to customers who are at least 50 years old.

12. The Platinum Adventures® Club is a unique travel and activities group that provides its members with professionally organized excursions, including guided tours, domestic and international vacation packages, theater and sporting event outings, and seminars.

13. "Platinum Adventures" is a federally registered trademark, Registration No. 3,066,725, which is owned by Hinsdale and licensed for use by all Wintrust Community Banks, including Libertyville, Lake Forest, and Northbrook (the "Platinum Adventures® mark"). A true and correct copy of the registration certificate issued by the United States Patent and Trademark Office for the Platinum Adventures® mark is attached hereto as Exhibit A.

14. The Platinum Adventures® mark is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15. Plaintiffs have conducted substantial advertising and promotion of their services under the Platinum Adventures® mark.

16. As a result of Plaintiffs' use and promotion of the Platinum Adventures® mark in connection with Plaintiffs' travel and activity services for over 10 years, the Platinum Adventures® mark has become famous with the relevant public and is recognized as identifying Plaintiffs as the source of travel and activity services. The Platinum Adventures® mark and the goodwill associated therewith are valuable assets of Plaintiffs.

17. Libertyville employed Defendant Mihaljevic as the Director of its Platinum Adventures® Club from November 2007 to March 2016. Although directly employed by Libertyville, Defendant Mihaljevic also acted as the Director of the Platinum Adventures® Club for Lake Forest and Northbrook.

18. Plaintiffs terminated Defendant Mihaljevic's employment on March 1, 2016.

19. Upon information and belief, Defendant Mihaljevic is the owner and/or operator of Defendant Adventures with Nadine, which was incorporated on May 9, 2016.

20. Upon information and belief, Defendants offer travel and activity services in the same geographic areas in which Plaintiffs' Platinum Adventures® Club operates, and they targets the same or similar types of consumers as Plaintiffs' Platinum Adventures® Club.

21. Because Defendants are using a mark that is confusingly similar to Plaintiffs' Platinum Adventures® mark in connection with the same or similar services for which Plaintiffs use their mark, Defendants are trading on Plaintiffs' goodwill; and consumers are likely to be confused that Defendants' services are associated with Plaintiffs. Plaintiffs therefore bring this action to prevent consumer confusion and to protect their goodwill.

22. Upon information and belief, in addition to harming Plaintiffs' reputations and the value of their mark, Defendant Mihaljevic has used and will continue to use Plaintiffs' trade secrets in connection with her competitive business Defendant Adventures with Nadine.

23. In her role as Director of the Platinum Adventures® Club, Defendant Mihaljevic had access to Plaintiffs' confidential and proprietary information, including a listing of the names of members in Plaintiffs' Platinum Adventures® Club, along with members' financial and contact information, travel preferences and interests ("Plaintiffs' Confidential Information").

24. Plaintiffs' Confidential Information required considerable effort, time, and money to compile, and was developed over a number of years in the course of providing services to Plaintiffs' customers. Plaintiffs' Confidential Information is not known outside of Plaintiffs' businesses, and could not readily be compiled from public sources. Plaintiffs' Confidential Information would be expensive and difficult for third parties to develop or acquire through proper means.

25. Plaintiffs take reasonable measures to safeguard the secrecy of Plaintiffs' Confidential Information due to its significant value to Plaintiffs. Among other steps to protect Plaintiffs' Confidential Information, Plaintiffs: (i) password protect all computers and require employees to use strong passwords; (ii) limit access to Plaintiffs' Confidential Information, including customer lists and associated information, to employees with a business need for such access; (iii) encrypt data on portable devices such as laptops and tablets; (iv) restrict employees' ability to transfer data (including disabling USB ports and CD/DVD burners in employees' computers) unless employees have a business need to transfer data; (v) require employees to agree to Wintrust's *Electronic Information and Data Security Policy*—which governs how employees may handle sensitive data, including Plaintiffs' Confidential Information—and undergo information security training; (vi) prohibit employees from disclosing or transmitting sensitive or confidential information, including Plaintiffs' Confidential Information, for non-business purposes; and (vii) prohibit employees from using internet-based services (such as third-party e-mail services) which are not under Plaintiffs' control to transmit or store sensitive or confidential information, including Plaintiffs' Confidential Information.

26. While employed by Plaintiffs, Defendant Mihaljevic forwarded Plaintiffs' Confidential Information to her personal e-mail account without Plaintiffs' consent.

5

27. Upon information and belief, after the termination of her employment with Plaintiffs, Defendant Mihaljevic retained Plaintiffs' Confidential Information in hard-copy and/or electronic form and has used Plaintiffs' Confidential Information in connection with her new business, Defendant Adventures with Nadine.

28. Upon information and belief, Defendants used Plaintiffs' Confidential Information to create a personal database containing Platinum Adventures® Club member information. Defendants have used Plaintiffs' Confidential Information to unfairly compete with Plaintiffs to Plaintiffs' detriment.

29. Upon information and belief, despite returning some hard-copy documents containing member information, Defendants have continued to use Plaintiffs' Confidential Information to directly contact Platinum Adventures® Club members about Defendant Mihaljevic's new business and to unfairly compete with Plaintiffs.

## COUNT I—FEDERAL TRADEMARK INFRINGEMENT
## PURSUANT TO SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

30. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 29 as if fully set forth in this Paragraph 30.

31. Plaintiffs are the exclusive owner of the Platinum Adventures® mark.

32. Through Plaintiffs' extensive promotion, advertising, marketing. and sales of their services under the Platinum Adventures® mark, the Platinum Adventures® mark has become well known to the general public as a source identifier for Plaintiffs. The Platinum Adventures® mark distinguishes Plaintiffs, their services, and the goodwill associated therewith from Plaintiffs' competitors and their services.

33. Section 32 of the Lanham Act provides in pertinent part:

(1) Any person who shall, without the consent of the registrant—

6

> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
> (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,
>
> shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114.

34. Defendants have adopted and used the mark and corporate name "Adventures with Nadine" without Plaintiffs' license or consent. Defendants' mark and corporate name "Adventures with Nadine" is confusingly similar to Plaintiffs' Platinum Adventures® mark. Defendants' use of the mark and corporate name "Adventures with Nadine" in connection with travel and activity services, in the same geographic area in which Plaintiffs offer travel and activity services, is likely to cause confusion and mistake and is likely to deceive others into believing that Defendants' services are sponsored by, approved by, or affiliated with Plaintiffs, constituting trademark infringement in violation of the Lanham Act.

35. Prior to adopting the mark Adventures with Nadine, Defendants were familiar with Plaintiffs' Platinum Adventures® mark based on Defendant Mihaljevic's previous association with Plaintiffs' Platinum Adventures® Club.

36. Defendants' acts were, and continue to be, knowing and willful.

37. Plaintiffs have been and continue to be damaged from Defendants' unlawful activities in a manner that cannot be measured or compensated in economic terms and for which there is no adequate remedy at law. Defendants' actions have damaged and will continue to damage Plaintiffs' rights, business reputations, and goodwill. Such irreparable harm will continue unless Defendant's' acts are restrained and/or enjoined.

### COUNT II—FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN PURSUANT TO SECTION 43 OF THE LANHAM ACT (15 U.S.C § 1125)

38. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 37 as if fully set forth in this Paragraph 38.

39. Plaintiffs' Platinum Adventures® mark, as used by Plaintiffs to identify their travel and activity services, is inherently distinctive and/or has acquired secondary meaning in the marketplace.

40. Section 43(a) of the Lanham Act provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

41. Defendant's' use of the infringing mark and corporate name "Adventures with Nadine" constitutes a false designation of origin, false or misleading description, and/or false or misleading representation. Such unauthorized use causes, and is likely to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of Defendants with Plaintiffs, and it also causes, and is likely to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the goods and services of Defendants with those of Plaintiffs.

42. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Plaintiffs' rights in their Platinum Adventures® mark and is in violation of the Lanham Act.

43. Defendants knew, or should have known, of Plaintiffs' rights, and Defendants' false description, false representation, and false designation of origin were knowing, willful, and deliberate, making this an exceptional case within the meaning of Section 35 of the Lanham Act (15 U.S.C. § 1117).

44. Plaintiffs have been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms. Defendants' actions have damaged, and will continue to damage, Plaintiffs' rights, reputations, and goodwill, and may discourage current and potential customers from working with Plaintiffs.

45. Unless enjoined by the court, Defendants will continue to use the infringing mark and corporate name to Plaintiffs' irreparable injury.

46. The threat of future injury to Plaintiffs' businesses, identities, goodwill, and reputations requires injunctive relief to prevent Defendants' continued use of the infringing mark and corporate name.

### COUNT III—UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT (815 ILCS 510/2)

47. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 46 as if fully set forth in this Paragraph 47.

48. Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act (the "UDTPA") provides, in relevant part, that:

> A person engages in deceptive trade practices when, in the course of his business, location, or occupation, he:
>
> (1) passes off goods or services of those of another;
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another;
>
> . . .
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2.

49. Defendants' unauthorized use of the mark and corporate name "Adventures with Nadine" in connection with Defendants' travel and activity services causes likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendants' services.

50. Defendant's' unauthorized use of the mark and corporate name "Adventures with Nadine" in connection with Defendants' travel and activity services causes likelihood of

10

confusion or of misunderstanding as to the affiliation, connection or association with or certification by Plaintiffs.

51. Defendants' acts constitute deceptive trade practices under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510.

52. Defendants' acts are, and continue to be, intentional, willful, and in bad faith, and they are in complete disregard for Plaintiffs' rights (of which Defendants have actual and constructive knowledge), making this case appropriate for an award of attorneys' fees under 815 ILCS 510/3.

53. Defendants' acts will cause Plaintiffs irreparable injury unless Defendants are enjoined by the court.

### COUNT IV—MISAPPROPRIATION OF TRADE SECRETS UNDER THE ILLINOIS TRADE SECRETS ACT (765 ILCS 1065)

54. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 53 as if fully set forth in this Paragraph 54.

55. Sections 2 through 4 of the Illinois Trade Secrets Act provide, in relevant part that:

> Sec. 2 (a) "Improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a confidential relationship or other duty to maintain secrecy or limit use, or espionage through electronic or other means. Reverse engineering or independent development shall not be considered improper means.
> 
> (b) "Misappropriation" means:
> 
> (1) acquisition of a trade secret of a person by another person who knows or has reason to know that the trade secret was acquired by improper means; or
> 
> (2) disclosure or use of a trade secret of a person without express or implied consent by another person who:
> 
> (A) used improper means to acquire knowledge of the trade secret; or

>> (B) at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was:
>
>>> (I) derived from or through a person who utilized improper means to acquire it;
>
>>> (II) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>
>>> (III) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
>> (C) before a material change of position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.
>
> . . .
>
> (d) "Trade secret" means information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers, that:
>
>> (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and
>
>> (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.
>
> . . .
>
> Sec. 3. (a) Actual or threatened misappropriation may be enjoined.
>
> . . .
>
> Sec. 4. (a) In addition to the relief provided for by Section 3, a person is entitled to recover damages for misappropriation.

765 ILCS 1065/2–1065/4.

56. In Defendant Mihaljevic's position as Platinum Adventures® Director, she had access to Plaintiffs' Confidential Information, including members' names, financial and contact information, and travel preferences and interests.

57. Plaintiffs' Confidential Information is sufficiently secret to derive economic value from the fact that the information is not generally known, and Plaintiffs make substantial efforts to maintain the secrecy and confidentiality of Plaintiffs' Confidential Information.

58. Plaintiffs' Confidential Information, including Plaintiffs' Platinum Adventures® Club member information, constitutes trade secrets as defined by the Illinois Trade Secrets Act, 765 ILCS 1065/1 et seq.

59. Defendants misappropriated Plaintiffs' trade secrets, including Plaintiffs' Confidential Information, by sending Platinum Adventures® Club member information to Defendant Mihaljevic's personal e-mail account and taking documents containing Plaintiffs' Confidential Information, including Plaintiffs' Platinum Adventures® Club member information, with her after the termination of her employment with Plaintiffs.

60. Defendants have utilized and will continue to use Plaintiffs' trade secrets for their competitive advantage and to the detriment of Plaintiffs.

61. Defendants' misappropriation has been and continues to be willful and malicious.

62. As a direct and proximate result of the violation of the Illinois Trade Secrets Act by Defendants, Plaintiffs have suffered and will continue to suffer irreparable injury and loss. Plaintiffs have no adequate remedy at law.

**COUNT V—TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

63. Plaintiffs repeat and re-allege the allegations of paragraphs 1 through 62 as if fully set forth in this Paragraph 63.

64. Plaintiffs have a reasonable expectancy of continuing valid business relationships with their Platinum Adventures® Club members.

65. Defendants were aware of Plaintiffs' reasonable expectancy that Plaintiffs would continue valid business relationships with their Platinum Adventures® Club members.

66. By intentionally misappropriating Plaintiffs' Confidential Information for the purpose of soliciting clients and building their business, Defendants tortiously interfered with Plaintiffs' expectancy.

67. As a result of the interference by Defendants, Plaintiffs' reputations and actual client relationships have been damaged.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

1. That Defendants be permanently enjoined and restrained from:

   (a) using the mark and corporate name "Adventures with Nadine," or any other mark or name that is confusingly similar to Plaintiffs' Platinum Adventures® mark;

   (b) engaging in any other conduct which will cause, or is likely to cause, confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' businesses or services with or by those of Plaintiffs;

2. That Defendants be required to deliver for destruction all advertising and promotional materials, and all business documents used for sales, including brochures, business stationery, posters, signs, and any and all other printed or graphic materials of any type which bear references to confusingly similar imitations of the Platinum Adventures® mark.

3. That Defendants be directed to file with the Court and provide to Plaintiffs, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

4. That Plaintiffs recover their actual damages.

5. That the award of actual damages from Defendants' trademark infringement and false designation of origin be trebled.

      6.      That Plaintiffs be awarded increased and exemplary damages for Defendants' willful misappropriation of Plaintiffs' trade secrets, including Plaintiffs' Confidential Information, which was intentional and motivated by malice and in conscious disregard of Plaintiffs' rights.

      7.      That Plaintiffs be awarded their costs in connection with this suit, including reasonable attorneys' fees and expenses.

      8.      That Plaintiffs be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

HINSDALE BANK & TRUST COMPANY; LIBERTYVILLE BANK & TRUST COMPANY; LAKE FOREST BANK & TRUST COMPANY; AND NORTHBROOK BANK & TRUST COMPANY

By:    s/ Robert S. Rigg
       One of Their Attorneys

Robert S. Rigg, Bar No. 6203991
John K. Burke, Bar No. 6312447
Angelo J. Bufalino, Bar No. 03125009
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: July 6, 2016

15

## **Exhibit A**

Int. Cl.: 35

Prior U.S. Cls.: 100, 101, and 102

**United States Patent and Trademark Office**

Reg. No. 3,066,725
Registered Mar. 7, 2006

## SERVICE MARK
## PRINCIPAL REGISTER

# PLATINUM ADVENTURES

HINSDALE BANK & TRUST COMPANY (ILLINOIS CHARTERED BANK)
25 EAST FIRST AVENUE
HINSDALE, IL 60521

FOR: INCENTIVE TRAVEL AWARD PROGRAMS TO PROMOTE THE SALE OF PRODUCTS AND SERVICES OF OTHERS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-0-2004; IN COMMERCE 7-0-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SN 78-397,237, FILED 4-6-2004.

BRIDGETT SMITH, EXAMINING ATTORNEY